IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-79,927-02, WR-79,927-03 & WR-79,927-04




EX PARTE SAMUEL PROPHET DAVIS, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 863886-A, 866458-A & 866459-A 
IN THE 179TH DISTRICT COURT FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
aggravated robbery charges and one count of aggravated kidnapping. He was sentenced to fifty years’
imprisonment in each conviction. The First Court of Appeals affirmed his convictions. Davis v.
State, Nos. 01-01-00988-CR, 01-01-00989-CR & 01-01-00990-CR (Tex. App.—Houston [1st Dist.]
Aug. 8, 2002) (not designated for publication).
            Applicant contends, among other things, that his trial counsel rendered ineffective assistance
of counsel, causing his plea to be involuntary. The trial court signed orders designating issues in
these cases, but, as a result of Applicant’s mandamus application, the writs were forwarded before
the fact finding was completed. In re Davis, No. WR-79,927-01 (Tex. Crim. App. Feb. 5, 2014)
(unpublished). 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law answering the ineffective
assistance of counsel issues that were previously designated for resolution in these cases. The trial
court shall also make specific findings of fact and conclusions of law addressing Applicant’s claims
that counsel was ineffective for not investigating two named witnesses he claims could have testified
for the defense. The trial court shall make findings as to whether the performance of Applicant’s trial
counsel was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall make findings of fact and conclusions of law as to whether the doctrine of laches
should apply to bar consideration of Applicant’s claims. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. Supplemental transcripts containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed:  June 11, 2014
Do not publish